IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS PONTIUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 04-1737 |
| | )   Judge Gary L. Lancaster |
| DELTA FINANCIAL CORP., d/b/a | )   Magistrate Judge Lisa Pupo Lenihan |
| FIDELITY MORTGAGE INC., | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM ORDER</u>

Plaintiff's Complaint was received by the Clerk of Court and was subsequently referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The Magistrate's Report, filed in March, 2007, recommended that the Plaintiff's Motion for Summary Judgment be granted as to Defendant financial corporation's entitlement to exemption from the overtime requirements of the Fair Labor Standards Act as a "retail or service establishment". It further recommended that Plaintiff's Motion be denied on the question of whether a reasonable jury could conclude, based on the evidence of record, that Defendant had met its burden to establish that the employees in question were exempt from overtime compensation under the "administrative" employee exemption. Because the Report

recommended denial of summary judgment as to Defendant's violation of the Fair Labor Standards Act, it also recommended denial of Plaintiff's request for summary judgment on his entitlement to liquidated damages. Finally, the Report recommended that Defendant's Motion for Summary Judgment be granted as to the sufficiency of the employees' compensation under the "salary basis" test, the first of three conditions under the administrative exemption, but denied as to the remaining two conditions and that Defendant's Motion be denied as to Defendant's "retail or service establishment" status.

Defendant's lengthy Objections to the Report and Recommendations were filed earlier this month, with Plaintiff's Response received on April 20, 2007. Objections were also filed by the *amicus*; and the Court granted Defendant leave to file a Reply to the Response.

The Court draws the attention of Defendant and *amicus* to the following aspects of the Report and Recommendation: (1) its conclusion that the September 2006 Opinion Letter obtained by the *amicus* was "not entitled to the deference which Defendant asserts is to be accorded an agency's own interpretation of an *ambiguous* regulation under Auer",[1] and (2) its further conclusion that "even if the Opinion Letter were properly considered an interpretation *within the*

---

[1] Report and Recommendation at 22 (emphasis added). See also id. at n. 19 (observing that, under Auer, "an administrative rule may receive *substantial* deference if it interprets the issuing agency's own *ambiguous* regulation"); id. at 23 ("[T]his Report does not give controlling or substantial deference to the Administrator's September 2006 opinion that the administrative employee exemption encompasses the loan officers described in the MBA hypothetical.") The recommendation that the agency's application of the administrative exemption to the *amicus* hypothetical not be given controlling or substantial deference was not, of course, tantamount to a recommendation that it be given *no* deference. Compare, e.g., Objections to the Report filed by Defendant and the *amicus*.

*scope of* Auer", it would not support summary judgment for Defendant because the facts *sub judice* "are not undisputedly comparable; to the contrary."[2]

After review of the pleadings and documents in the case, together with the Report and Recommendation, the following Order is therefor entered:

AND NOW, this 9 day of May, 2007:

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment be granted, and Defendant's Motion denied, as to Defendant's entitlement to a retail services exemption under the FLSA;

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment be denied as to (a) Defendant's entitlement to an administrative employee exemption under the FLSA, and (b) Plaintiff's entitlement to liquidated damages;

AND IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment be granted as to the sufficiency of the employees' compensation under the salary basis test, but denied as to the remaining two conditions of an administrative employee exemption.

---

[2] Id. at 23 (emphasis added).

The Report and Recommendation of Magistrate Judge Lenihan is adopted as the Opinion of the Court.

                                              Hon. Gary L. Lancaster
                                              United States District Judge

Dated: May 9, 2007

cc:    All Counsel of Record