IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOUGLAS PONTIUS          )
     Plaintiff,          )
                )
     v.          )  Civil Action No. 04-1737
                )
DELTA FINANCIAL CORP.,          )
d/b/a FIDELITY MORTGAGE          )
INC.,          )
     Defendant.          )

## MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.            December 7, 2007

     This is a collective action alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. ("FLSA"). Plaintiff, Douglas Pontius, alleges that defendant, Delta Financial Corp. d/b/a/ Fidelity Mortgage Inc. ("Fidelity") failed to pay overtime compensation to its loan officers and mortgage analysts in violation of the FLSA. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1) and L.R. 72.1.3 and 72.1.4, this action was referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings.

     Plaintiff and defendant filed cross motions for summary judgment. Judge Lenihan filed a Report and Recommendation, [Doc. No. 143] and recommended that the summary judgment motions be granted in part and denied in part. By order dated May 9, 2007, [Doc. No. 152] this court adopted the Report and Recommendation.

Defendant has now filed a Motion for Certification of Interlocutory Appeal [Doc. No. 156] pursuant to 28 U.S.C. § 1292(b). For the reasons set forth below, the motion will be denied.

I. <u>BACKGROUND</u>

As set forth in greater detail in the Report and Recommendation, plaintiff alleges that he, and all other similarly situated loan officers and/or mortgage analysts (hereinafter "mortgage analysts"), are entitled to overtime compensation under the FLSA. The parties filed cross motions for summary judgment. This court granted plaintiff's motion for summary judgment in part and held that defendant was not entitled to the retail or service establishment exemption set forth at 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 207(i). This court denied the remainder of plaintiff's motion for summary judgment. In addition, this court granted defendant's motion for summary judgment in part and held that defendant had established that it paid its mortgage analysts on a salary basis, one of three prongs of the administrative exemption set forth at 29 U.S.C. § 213(a)(1). The court denied, however, defendant's motion for summary judgment as to the other two prongs of the administrative exemption on the basis that there were material facts in dispute.

Defendant argues that this court should certify two (2) issues for interlocutory appeal: (1) whether this court erred, as

2

a matter of law, in determining that defendant had failed to establish the "primary duty" prong of the administrative exemption set forth at 29 U.S.C. § 213(a)(1); and (2) whether this court erred, as a matter of law, in determining that defendant is outside the retail or service establishment exemption set forth at 29 U.S.C. §213 and 29 C.F.R. § 207(i).

Specifically, defendant argues that this court misinterpreted the regulations promulgated by the Department of Labor ("DOL") interpreting the administrative exemption and that this court failed to accord the appropriate deference to a recent DOL opinion letter regarding the exempt status of mortgage loan officers. Defendant notes that, in order to establish it is entitled to the administrative exemption under the FLSA, it must show, inter alia, that "the employee's primary duty must be the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a). The regulations further provide that "[a financial services industry] employee whose primary duty is selling financial products does not qualify for the administrative exemption." 29 C.F.R. § 541.203(b). Defendant argues that this court impermissibly relied on this language to inquire into the motivations or objectives of the mortgage analysts in performing otherwise exempt duties such as compiling and analyzing potential loan customer information and

3

evaluating the customers' qualifications for a loan. Defendant also argues that this court erred in failing to accord deference to a recent DOL opinion letter which opined that mortgage loan officers who perform such duties satisfy the "primary duty" prong of the administrative exemption.

Defendant further contends that this court erred in holding that defendant is ineligible for the retail or service establishment exemption set forth at 29 U.S.C. §213 and 29 C.F.R. § 207(i). Defendant argues that the nature of the financial services industry has changed and, thus, the court erred by failing to analyze the factors relevant to the question of whether defendant's business met the requirements for the retail or service establishment exception.

## II. STANDARD OF REVIEW

Under 28 U.S.C. 1292(b), this court has discretion as to whether or not to certify a case for immediate appeal. Katz v. Carte Blanche Corp., 496 F.3d 747, 754 (3d Cir. 1974). A case may be certified for immediate appeal when it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the litigation." 28 U.S.C. § 1292(b). The moving party bears the burden of demonstrating that "exceptional circumstances justify a departure from the

4

basic policy against piecemeal litigation and of postponing appellate review until after the entry of final judgment." Rottmund v. Continental Assurance Co., 813 F.Supp. 1104, 1112 (E.D. Pa. 1992).

III.   DISCUSSION

### A.   Primary Duty Prong of Administrative Exemption

Defendant contends that this court's decision that it was not entitled to summary judgment regarding the primary duties of the mortgage analysts was in error.  Defendant argues that this issue involves a controlling question of law about which there is substantial disagreement.  Defendant further contends that an immediate appeal of this issue would materially advance the litigation.    Thus, defendant argues, this court should certify this issue pursuant to 28 U.S.C. § 1292(b).

Defendant has misunderstood the basis upon which this court denied its motion for summary judgment.  Specifically, as to this issue, this court adopted the Report and Recommendation which found that "because genuine issues of material fact remain as to the nature and extent of the particular duties and responsibilities of Defendant' Mortgage Analysts and Defendant's entitlement to exemption, and because the Report does not - within the appropriate summary judgment parameters - conclude it impossible that a reasonable jury could find in Defendant's favor

5

on this question, summary judgment on the 'primary duty' element of the administrative employee exemption should be denied to both parties." Report and Recommendation at page 23.

As to the level of deference to be accorded to the DOL letter, the Report and Recommendation found that the DOL letter was not an agency's interpretation of an ambiguous regulation and therefore was not entitled to deference. The Report and Recommendation further found that "the facts of the amicus hypothetical submitted to the DOL and the facts at issue sub judice are, the record evidence strongly suggests, not substantially similar." Report and Recommendation at page 20.

Accordingly, it is clear that rather than denying the motion for summary judgment based on a controlling issue of law, this court found that summary judgment should be denied based on a dispute of material facts. Further, defendant's motion for summary judgment as to the third prong of the administrative exemption, the degree of discretion and independent judgment exercised by mortgage analysts, was denied. Since the evidence required at trial to establish this prong is substantially similar, if not identical, to the evidence relevant to the primary duties prong, interlocutory appeal of this issue would not materially advance this litigation. This is not, therefore, an issue amenable to interlocutory appeal under 28 U.S.C. § 1292(b).

## B. Retail or Services Exemption

Defendant also contends that this court erred in holding that defendant is engaged in the financial services industry and is not eligible for the retail or service establishment exemption set forth at 29 U.S.C. §213 and 29 C.F.R. § 207(i). Defendant specifically contends that, by holding defendant is ineligible for this exemption as a matter of law, this court failed to consider the facts relevant to this exemption.

Defendant ignores, however, the reasoning of the Report and Recommendation on this issue. Specifically, the Report and Recommendation found that "[a]s Defendant is 'undeniably a financial company' in the business of making and selling loans, it 'falls squarely' within Mitchell, and exclusion from a § 7(i) exemption is in accordance with applicable Congressional and agency history, as well as Supreme Court precedent." Report and Recommendation at page 12.

While defendant refers to a number of cases which advocate an evolving approach to this exemption in other industries, defendant has identified no cases in which the "applicable Congressional and agency history, as well as Supreme Court precedent" have been set aside in the financial services industry. As such, it appears that this issue involves a controlling question of law about which there is no disagreement.

IV. CONCLUSION

For the reasons set forth above, defendant's Motion for Certification of Interlocutory Appeal from the Court's Order of May 10, 2007 [Doc. No. 156] is DENIED.

BY THE COURT:

_____, J.

cc:    All Counsel of Record